The judgment of the court was pronounced by
Slidell, J .
The petition charges, that Lesperance, a resident of New Orleans, and Hadloclc, Driver and Blood, residents of Indiana, are liable in solido to the plaintiffs, for certain stores, &c., furnished for the Steamer Bride, owned by the defendants, and employed by them in the transportation of passengers and property for hue. Upon the usual affidavit of the indebtedness of the three last named persons, and of their residence out of the State, a writ of attachment was obtained, and the steamer was seized. She was bonded by *262 Lesperance, he acting in the bond for himself and the other owners. Before issue joined a rule was taken by the defendants to show cause why the attachment should not be set aside. It was tried in the court below, and is presented to us upon the following agreed statement of facts :
At the date of the institution of this suit, as well as at the time the plaintiff’s claim accrued, the Steamer Bride belonged to Hezekiah Hadlock, Joseph A. Driver and William Blood, who resided, and yet reside out of the State of Louisiana, viz., in New Albany, Indiana, and to Francis Lesperance, who had for many years previous, and still resides in New Orleans. F. Lesperance owned three-eighths of the Bride. The steamer Bride was employed as a packet between the port of New Orleans and the city of Vicksburg, Mississippi, carrying personal property for hire.
The district judge, being of opinion that the case fell within the principle established in Munroe v. Frosh, 2 Ann., 962, made the rule absolute, and dismissed the attachment.
The article 2796 of the Civil Code is in these words : “Commercial partnerships are such as are formed, 1st. For the purchase of any personal properly, and the sale thereof, either in the same state or changed by manufacture. 2d. For buying or selling any personal property whatever, either as factors or brokers. 3d. For carrying personal property for hire in ships or vessels.”
It is not our intention, on the present occasion, to attempt the expression of an opinion as to all the legal consequences which may result from this naked provision of the Civil Code. The state of our legislation on the subject of shipping is quite anomalous, from the fact, that when the Civil Code was enacted it was expected that a Code of Commerce would also be enacted. The Civil Code expressly refers to the contemplated Commercial Code as the one which is to control, in cases of repugnancy, the subject of commercial partnership. Our opinion as to the effect of article 2796 must be considered as considered as confined to the case before us, leaving other points to be determined as they arise.
Under this article our courts have repeatedly held, that part owners of vessels are so far commercial partners as to be liable to the creditors of the vessel in solido. The doctrine to this extent may be considered as conclusively settled. If the part owners are to be held commercial partners, for the purpose of their liability to creditors of the vessel, it is fair to give them as against those creditors the benefit of that character. The burden and the advantage should go together, Qui sentit onus sentiré debet et commodum.
When attacked, therefore, as commercial partners, and charged by reason of that character in solido, it is just that they should be permitted to say, as against you, our vessel is partnership property.. Has a creditor, then, who charges his debtors as commercial partners, a right to the conservative process of attachment against the partnership property found in this State, when one of the commercial partners is a resident of this State, and it does not appear that the partnership domicil is out of the State ?
The remedy by attachment is a harsh one; it is in derogation of common right; it is, therefore, strictly construed. What we said in Frosh v. Muller, is deducible from the uniform jurisprudence on this subject, namely, that attachment must not be permitted, except in those cases where it is clearly applicable. Now, the object of our attachment law is to enable suitors in our courts to collect their debts, from non-residents. The property of a resident debtor cannot be taken on such process; his creditor must abide the *263 ordinary course of judgment and execution. But, if the creditor is permitted to seize, under attachment, the property of a partnership in which a resident citizen is a partner, is not the resident citizen a sufferer 1 Is not the right of possession which belongs to him disturbed, and the prosecution of his partnership business defeated ? Undoubtedly they are ; aad, consequently, his privileges of exemption from attachment is substantially violated.
It is said, the case of Stunroe v. Frosh, is not identical with this. It is not. But the spirit of that decision reaches this case, and authorises us to say, that under a strict construction of the attachment law, a commercial partner resident here ought not to be disturbed by an attachment of the partnership property, at the suit of a creditor of the partnership.
Judgment affirmed, with costs.